UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWIN ALVARADO,

                Plaintiff,

**<u>ORDER</u>**

    - v -

CV-04-2558 (NGG)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------------x

      By letter dated June 29, 2005, the plaintiff seeks an order compelling the defendants to provide more complete responses to the plaintiff's interrogatories and document requests, as identified in a May 13, 2005 letter addressed by the plaintiff's counsel to the defendants' counsel. The defendants have responded by letter dated June 29, 2005.

      The defendants properly point out that at a conference held on April 15, 2005, I issued the following order:

> Any disputes about the adequacy or completeness of the responses to the interrogatories and document requests served thus far by the parties shall be addressed to the court, after compliance with Local Civil Rule 37.3(a), no later than May 15, 2005. Failure to present issues concerning the requests by the deadline will constitute a waiver of rights to obtain the requested discovery.

      The instant application is therefore being made than six weeks after the deadline set by the court. No application to extend the deadline was ever made, and no explanation for the delay in making the application is offered.

      The plaintiff does point out that in responding to the defendants' timely application to compel discovery, the plaintiff alluded to certain deficiencies in the defendants' responses. The deficiencies were listed in a letter, addressed to the defendants' counsel on May 16, 2005, which was annexed to the plaintiff's submission to the court. The court declined to

address those deficiencies, however, because the plaintiff had not attempted to comply with Local Civil Rule 37.3 before making the application, contrary to the court's express direction in the same order set forth above. Had the plaintiff promptly pursued the matter at that time by seeking a brief extension of time to make his application, the court would likely have overlooked the plaintiff's failure to meet the deadline for submitting discovery disputes. At this point, however, more than six weeks after the deadline has expired, the court has no basis for ignoring its scheduling order. Accordingly, the plaintiff's application to compel discovery is denied as untimely.

Notwithstanding the denial of the plaintiff's application the defendants shall supplement their interrogatory responses as follows within fifteen days:

1. The interrogatory responses are to be properly verified by the defendants in accordance with Fed. R. Civ. P. 33(b);
2. In response to interrogatory 11, the defendants shall supply a listing of the witnesses, together with addresses, sought by the plaintiff; referring the plaintiff to documents for this information is not sufficient.

In addition, within fifteen days the defendants shall either provide the name and address of the complainant whose information led to the identification and arrest of the plaintiff, or make a letter motion to me for a protective order.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
July 5, 2005