UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWIN ALVARADO,

                      Plaintiff,                      **ORDER**

  - v -

                                                  CV-04-2558 (NGG)(VVP)

CITY OF NEW YORK, et al.,

                      Defendants.
-----------------------------------------------------------x

      By letter dated August 2, 2005, the plaintiff seeks an extension of factual and expert discovery deadlines. As to the request for an extension of the factual discovery deadline, the plaintiff ignores paragraph 1(d) of the scheduling order which expressly provides that factual discovery deadlines "will not be extended unless the party seeking the extension makes a compelling showing that discovery could not be completed because of unforeseeable circumstances beyond that party's control." The plaintiff makes no effort to meet that requirement, and indeed it is unlikely he could do so. The court afforded the parties fully eight months to complete discovery. Moreover, the court conducted a status conference on April 15, 2005 in which the court again expressly warned counsel to consult the scheduling order to insure compliance with all deadlines and obligations. Nevertheless, the plaintiff postponed taking depositions until weeks before the discovery deadline, and now seeks additional time to depose two non-party witnesses whose identities have been well-known to the plaintiff for considerable time. Deadlines and judicial warnings are

meaningless if not enforced, and the plaintiff has provided no reason why they should not be enforced in this case.

As to the requested extension of time for expert discovery, although extensions of those deadlines are not subject to the same compelling showing dictated by the scheduling order with respect to factual discovery, a showing of good cause is nevertheless required. *See* Fed. R. Civ. P. 16(b). The plaintiff's counsel argues first that he overlooked the deadlines for expert discovery because he is accustomed to deadlines for expert discovery which are scheduled after the conclusion of factual discovery. This argument of course runs headlong into the express warning by the court at the April 15, 2005 conference that counsel should consult the scheduling order to insure compliance with the deadlines set there. Obviously, counsel simply ignored the warning. That cannot constitute good cause.

Counsel's next argument is that he needed to learn the facts through discovery before deciding whether an expert was necessary. Although that argument has facial appeal, and certainly applies in many cases, it does not apply here. The plaintiff wishes to retain an expert to provide testimony about emotional injury. Any facts concerning the plaintiff's emotional injury, however, have been entirely available to the plaintiff throughout this litigation; they certainly did not depend on any discovery to be obtained from the individual defendants here – a police officer and the assistant district attorney who handled the plaintiff's prosecution. Nor did the plaintiff's counsel need to obtain discovery from any non-parties such as providers of psychological treatment, because the plaintiff has denied receiving any treatment for psychological injuries resulting from the incident in question.

Thus counsel's argument that he needed discovery in order to make a determination about expert psychological testimony simply does not withstand scrutiny.

Nevertheless, because the principal injury suffered by the plaintiff here is psychological and not physical, the court finds good cause for a *short* extension of the expert discovery deadline, particularly since it will not materially delay the proceedings. Accordingly, the expert discovery deadlines are modified as follows:

a) the deadline for the plaintiff to designate an expert concerning psychological injury is extended to August 31, 2005;

b) the deadline for providing expert disclosures is September 21, 2005;

c) the deadline for providing rebuttal expert disclosures is October 21, 2005;

d) depositions of experts may be taken at any time provided they are completed at least 30 days before trial.

**SO ORDERED:**
  Viktor V. Pohorelsky
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 5, 2005