UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDWIN ALVARADO,

                    Plaintiff,                  **ORDER**

    - v -

                                                  CV-04-2558 (NGG)(VVP)

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------x

        In various letters to the court the parties seek rulings regarding disputed discovery issues. The issues are determined as follows:

        1.    *Deposition of Stephanie Zimberg.* The defendants' motion for a protective order regarding Ms. Zimberg is denied. Ms. Zimberg attested to the accuracy of various facts apparently gleaned from records of the defendants and, although she may not have personal knowledge of the facts, the plaintiff has the right to test her knowledge of the records she consulted and any other matters relating to the interrogatories to which she attested. The deposition shall be scheduled as soon as practicable taking into account the schedules of those concerned.

        2.    *Deposition of Juan Delgado.* Although the plaintiff waited far too long to attempt to obtain this witness' testimony, the subpoena was served within the time set aside for discovery and the witness' recalcitrance in complying should not deprive the plaintiff of the witness' testimony. If counsel for the plaintiff wishes to continue to pursue Mr. Delgado, counsel shall submit a "So Ordered" subpoena for signature by the court calling for Mr. Delgado to appear on a date convenient to all counsel. Said subpoena shall be submitted to the court within ten days. Upon signature by the court, the subpoena is thereafter to be served on the witness in person, or

by substitute service authorized by section 308(2) of the New York Civil Practice Law and Rules, at least ten calendar days before the witness is to appear for his deposition. If the witness fails to appear, the plaintiff may apply to the court for an order to show cause why the witness should not be held in contempt.

3. *Testimony by Margarita Santiago, Geraldo Santiago and Candacee Alvarado.* The defendants' motion for an order precluding these witnesses from testifying at trial has a sound basis, given the plaintiff's utter dereliction of his discovery obligations. The plaintiff has obviously known about these potential witnesses from the outset of these proceedings. Because they were individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1), the plaintiff had an obligation to identify them as part of his initial disclosures. Yet the plaintiff did not identify them as potential witnesses until a week before the factual discovery deadline, and thus has deprived the defendants of the opportunity to depose the witnesses within the time prescribed by the court's scheduling order. The plaintiff offers no explanation for his failure to comply with his automatic disclosure obligations. A preclusion order would therefore be an entirely appropriate remedy. Nevertheless, the more prudent course is to permit the defendants to depose the witnesses notwithstanding that the discovery deadline has expired. The plaintiff will be responsible for producing the witnesses for depositions at any reasonable time designated by the defendants upon at least ten days notice. In addition, because the defendants will have to incur discovery expenses after the deadline, and as a sanction for the plaintiff's failure to comply with discovery obligations, the plaintiff will be required to bear costs of the court reporter (including appearance fee and transcription charges) for the depositions. (The plaintiff may of course limit such costs by stipulating that he will not call one or more of those witnesses at trial.)

4.  *Defendants' Rebuttal Expert Disclosures*.  The request for a stay of the defendants' rebuttal expert disclosures until after the proposed summary judgment motion is made is granted. The plaintiff may likewise postpone disclosure by his case-in-chief expert.  The new deadlines for expert disclosures are as follows: (i) case-in-chief expert disclosures are to be made within 30 days after decision on the motion; (ii) rebuttal expert disclosures are to be made within 30 days after case-in-chief expert disclosures are made.

5.  *Deposition of Jennifer Michaelson*.  As counsel for the defendants and Ms. Michaelson have resolved the issue concerning her appearance for a deposition on September 26, 2005, no further intervention by the court is necessary at this time.

SO ORDERED:<br>
*Viktor V. Pohorelsky*<br>
VIKTOR V. POHORELSKY<br>
United States Magistrate Judge

Dated:    Brooklyn, New York
          September 16, 2005