UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDWIN ALVARADO

                Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

04 CV 2558 (NGG)(VVP)

GARAUFIS, District Judge.

      By Order dated December 21, 2005 ("12/21/05 Order"), Magistrate Judge Victor V.

Pohorelsky ordered that Defendant City of New York, *et al.* ("Defendants") serve a supplemental

response to a request for admission served by Plaintiff Edwin Alvarado ("Plaintiff") after

discovery was scheduled to be completed, and gave leave to Plaintiff "to obtain unsealing orders

and to serve subpoenas or to make other requests" to obtain certified copies of documents about

which the Plaintiff sought admission.  (12/21/05 Order.)  Defendant objects to this Order

pursuant to Fed. R. Civ. P. 72(a), and asks that this court to set aside and vacate Judge

Pohorelsky's order as clearly erroneous and contrary to law.  I overrule Defendants' objections

for the reasons set forth herein.

**I.      FACTUAL BACKGROUND**

      This Memorandum and Order shall assume familiarity with this matter.  On October 11,

2005, Plaintiff sent to Defendants a request for admission pursuant to Fed. R. Civ. P. 36(a),

which asked Defendants to admit that documents were true copies of the testimony of Decective

Chris Bonomo at (1) the grand jury proceeding and (2) a hearing, and that a document was a true

copy of (3) a motion filed by Michael Brovner of the Queens County District Attorney's Office

in Indictment No. 4080-02 in the criminal case that underlies this civil lawsuit. (P's Mem. Supp. Mot. Compel Ex. 1.) Defendants' response to Plaintiff's requests for admission stated that they could not admit or deny the first two requests, and stated that the document referred to in the third request "appeared" to be a true copy. (Id. Ex. 2.) On December 7, 2005, the Plaintiff moved before Judge Pohorelsky to find Defendants' response to be "insufficient and defective," and for an order to compel an "appropriate" response. After Defendants replied to Plaintiff's motion, Judge Pohorelsky found that Defendants' response to request number three was insufficient, and ordered a supplemental response. (12/21/05 Order.) Judge Pohorelsky also granted leave for Plaintiff to issue subpoenas to obtain certified copies of documents pursuant to the first two requests for admission. (Id.)

## II.   DISCUSSION

"Magistrate judges are given broad discretion to resolve nondispositive matters that come before them." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, Inc., 03-CV-0531, 03-CV-1625, 2005 U.S. Dist. LEXIS 32116, at *3 (E.D.N.Y. June 28, 2005). However, if a party objects to an order by a magistrate judge in a non-dispositive pretrial matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

In their objections, Defendants contend that Judge Pohorelsky's 12/21/05 Order is clearly erroneous and contrary to law because he permitted discovery to continue without making a good cause determination as to why Plaintiff sought a request for admission after the scheduling order's date of discovery completion. (Def's Ltr. Br. Supp. Objections 2.) Defendants allege

prejudice from the 12/21/05 Order because leave has been granted to Defendants to file a motion for summary judgment by or before January 5, 2006. (Id.)

Defendant's objections have no merit. In relevant part, Fed. R. Civ. P. 16 states that a discovery "schedule shall not be modified except upon a showing of good cause and . . . when authorized by local rule, by [leave of] a magistrate judge." Fed. R. Civ. P. 16. Eastern District of New York Local Rule 16.2 permits a Magistrate Judge to "modify for good cause shown scheduling orders previously entered." E.D.N.Y. Local Civ. R. 7.1. Magistrate Judge Pohorelsky thus is permitted by the federal and local rules to modify a scheduling order. I also find that implicit in Judge Pohorelsky's ruling, made after briefing by Plaintiff and Defendants on this issue, is a finding that Plaintiff had good cause to make the request for admissions after the scheduled discovery completion date. Lastly, in light of the limited nature of the discovery sought, Defendants are not unduly prejudiced by the 12/21/05 Order. However, I find that Defendants in their December 27, 2005 letter application for an extension have demonstrated good cause for an amendment to the schedule, (Defs' 12/27/05 Letter to the Court) which I set forth in the order portion of this Memorandum and Order.

Therefore, I find that Judge Pohorelsky's ruling is "based on an appropriate legal analysis and [his] determination is well within his discretion." Boyce v. Allied Interstate, Inc., No. CV-05-1596, 2005 U.S. Dist. LEXIS 22102, at *1-*2 (E.D.N.Y. Sept. 28, 2005).

## III. CONCLUSION

Accordingly, Defendants' objections to the 12/21/05 Order are overruled, and Defendants are directed to comply with the 12/21/05 Order in all respects. I order that the schedule be amended as follows: I direct that Defendants have ten (10) days to comply with the 12/21/05

Order, and that all discovery be completed by or before January 23, 2006. Defendants' motion is due on February 21, 2006. The Plaintiff's response is due on March 21, 2006. Defendants' reply, if any, is due on April 3, 2006. The parties will be contacted subsequently by Chambers if oral argument will be required on this motion.

SO ORDERED.

Dated: December 27, 2005                   /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.                        Nicholas G. Garaufis
                                       United States District Judge