UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWIN ALVARADO,

                      Plaintiff,                      **OPINION AND ORDER**

    - v -

                                                         CV-04-2558 (NGG)(VVP)

CITY OF NEW YORK, et al.,

                      Defendants.
-----------------------------------------------------------x

        The plaintiff in this section 1983 case has moved for reconsideration of the court's order denying his motion to unseal the minutes of the grand jury proceedings which led to his indictment. For the reasons below the motion is denied.

        Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York. *See, e.g., Zinnamon v. Bank of New York*, Dkt. No. 06-CV-1805, 2006 WL 1652662, *1 (E.D.N.Y. June 8, 2006). The standard is "strict, and reconsideration will generally be denied." *Id.* (citing *Herschaft v. New York City Campaign Finance Board*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001). To prevail the moving party must be able to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft*, 139 F. Supp. 2d at 284 (internal quotations omitted). "Alternatively, the movant must demonstrate 'the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Griffin Indus., Inc. v. Petrojam*, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). These limitations are applied strictly to dissuade repetitive arguments on matters fully considered by the court, and to prevent a losing party from "examining a decision and then plugging the gaps of the lost motion with additional matters." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000); *accord Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The plaintiff's motion here brings no overlooked decisions or factual matters to the court's attention, but rather simply seeks to reargue the points made in his initial moving papers. The essence of his argument before, and again now, is that without the grand jury minutes he cannot establish what happened before the grand jury and therefore cannot rebut the presumption of probable cause arising from the indictment. This generalized need for the minutes is not sufficient. If it were, the mere allegation of a malicious prosecution claim in a complaint would suffice to unseal grand jury minutes. As pointed out in the court's previous decision, a more particularized showing of need is required. The court explored at some length the plaintiff's suggestions concerning particularized need and concluded they were faulty. Opinion and Order, Aug. 5, 2006, at 4-7. The motion for reconsideration provides no basis for altering that conclusion.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 3, 2006