UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN ALVARADO,

                Plaintiff,

      - against -

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------X

MEMORANDUM & ORDER
04-CV-2558 (RRM)(VVP)

MAUSKOPF, United States District Judge.

Plaintiff Edwin Alvarado objects to Magistrate Judge Victor V. Pohorelsky's August 5, 2006 Opinion and Order (Docket No. 69) (the "August 5 Order") denying his motion to unseal the minutes of the grand jury proceedings which led to his 2002 indictment, and the October 3, 2006 Opinion and Order (Docket No. 74) (the "October 3 Order") denying reconsideration of the August 5 Order. Upon a review of the record, and for the reasons below, this Court concludes that neither the August 5 Order nor the October 3 Order is clearly erroneous or contrary to law. As such, plaintiff's objections are DENIED.

## DISCUSSION

### I. Standard of Review

As relevant here, discovery matters, including issuance and application of protective orders, are non-dispositive decisions governed by Federal Rule of Civil Procedure 72(a) and the Federal Magistrate Act, 28 U.S.C. § 636(b)(1)(A). Weiss v. La Suisse, 161 F. Supp. 2d 305, 320–21 (S.D.N.Y. 2001). Given magistrate judges' broad discretion to resolve non-dispositive issues, see In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849, 2006 WL 3511375, at *2–3 (E.D.N.Y. Dec. 6, 2006), this Court may overrule such decision only where it is clearly erroneous or contrary to law. Rubin v. Valicenti Advisory Servs., 471 F. Supp. 2d 329, 333

(W.D.N.Y. 2007) (magistrate decisions on non-dispositive issues are subject to limited and deferential review under Rule 72(a), not de novo review as required for recommendations on dispositive motions under Rule 72(b)).

"Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal citations omitted). Meanwhile, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Equal Employment Opportunities Comm'n v. First Wireless Group, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004). However, a magistrate judge's decision is contrary to law only where it runs counter to controlling authority. See Mfg. Admin. & Mgmt. Sys., Inc. v. ICT Group, Inc., 212 F.R.D. 110, 119 (E.D.N.Y. 2002). Consequently, "[a] magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." Id.

## II. Magistrate Judge Pohorelsky's Denial of Plaintiff's Motion Was Neither Clearly Erroneous Nor Contrary to Law

Plaintiff, pursuing claims of false arrest and malicious prosecution, argues that he requires access to the minutes in order to defeat the presumption of probable cause arising out of the grand jury indictment.[1] See Pl.'s Objs. (Docket No. 75) at 6–17; see also Rothstein v. Carriere, 373 F.3d 275, 282–83 (2d Cir. 2004) (citing Colon v. City of New York, 455 N.E.2d 1248, 1250–51 (N.Y. 1983)). In New York, overcoming the presumption of probable cause

---

[1] For a more complete description of plaintiff's claims and the history of his attempt to obtain access to the grand jury minutes at issue, see August 5 Order at 1–3. Furthermore, this Court notes that plaintiff prevailed in his petition to the New York State Supreme Court, Queens County for access to the grand jury minutes inasmuch as that court ordered that the minutes be provided to this Court immediately prior to trial so that they may be used for purposes of impeachment or to refresh a witness's recollection. Id. at 3.

2

requires evidence "establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, [or] that they have withheld evidence or otherwise acted in bad faith." Colon, 455 N.E.2d at 1250–51. Plaintiff contends that access to the minutes will provide him with evidence of this type of misconduct. Pl.'s Objs. at 17. As the Magistrate Judge recognized, however, a civil plaintiff seeking access to grand jury minutes must demonstrate a "particularized need" for such access. See, e.g., Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir. 1987) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222–23 (1979)); Palmer v. Estate of Stuart, No. 02 Civ. 4076, 2004 U.S. Dist. LEXIS 21788, at *6–7 (S.D.N.Y. Nov. 1, 2004); Waterman v. City of New York, No. 96 Civ. 1471, 1998 U.S. Dist. LEXIS 235, at *4–5 (S.D.N.Y. Jan. 13, 1998); Scheiner v. Wallace, No. 93 Civ. 0062, 1995 U.S. Dist. LEXIS 18873, at *13–14 (S.D.N.Y. Dec. 19, 1995).

To demonstrate particularized need, a movant must show "that that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." Scheiner, 1995 U.S. Dist. LEXIS 18873, at *13–14 (quoting Cullen, 811 F.2d at 715). "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990). Where, as here, "a request is made to unseal a transcript of the minutes generated during a grand jury proceeding(s), solely to rebut the presumption of probable cause that attaches when a person is indicted on criminal charges, the particularized need standard has not been met." Brown v. City of New York, No. 06 Civ. 2059, 2007 U.S. Dist. LEXIS 8033, at * 5 (S.D.N.Y. Jan. 30, 2007) (citing Barnett v. Dillon, 890 F. Supp. 83, 87–88 (N.D.N.Y. 1995)); see also Wilson v. City of New York, No. 06-CV-229, 2007

3

U.S. Dist. LEXIS 97490, at *6–7 (E.D.N.Y. Dec. 21, 2007). Authorizing a fishing expedition based solely on conclusory allegations of misconduct before the grand jury would result in every plaintiff who claimed malicious prosecution being given access to the minutes of the grand jury that voted on the underlying indictment. Such a result would defeat the purpose behind the particularized need test, and cannot be correct.

Here, plaintiff argues that various "discrepancies" in the identification evidence provided to the police by Juan Delgado, the victim of the crime for which plaintiff was indicted, and alleged contradictions between the sworn testimony of Mr. Delgado and defendants Detective Bonomo and Assistant District Attorney Pinto demonstrate the requisite particularized need. Pl.'s Objs. at 4–5. Regarding the claimed discrepancies, plaintiff argued that "Defendants should have known that they did not have legally sufficient evidence to prove the guilt of the Plaintiff for this attempted robbery," Pl.'s Mem. (Docket No. 59) at 11, but, as the Magistrate Judge correctly stated, defendants' knowledge regarding whether there existed legally sufficient evidence to prove his guilt at trial is irrelevant to the question of whether there was fraud, perjury, suppression of evidence, or other bad faith conduct by the police in connection with the grand jury proceedings, as plaintiff must show to defeat the presumption of probable cause arising from the indictment. See Rothstein, 373 F.3d at 283; August 5 Order at 5. Similarly, even if the grand jury minutes showed that the "testimonies of the police witnesses and Complainant differ[ed] from the contents of the Complaint report and their deposition testimonies," Pl.'s Mem. at 11, this would not provide the type of evidence necessary for plaintiff rebut the presumption of probable cause in this case. See August 5 Order at 5–7.

After reviewing all of plaintiff's allegations and the evidence offered in support thereof, Magistrate Judge Pohorelsky concluded that the discrepancies and contradictions identified by

4

plaintiff failed to demonstrate the requisite particularized need justifying disclosure of the grand jury minutes. Id. at 7. In fact, the Magistrate Judge found that plaintiff had failed to show that the minutes "would afford him any evidence that would assist him in proving a claim of malicious prosecution." Id. Based on a review of the entire evidence this Court holds that the Magistrate Judge's finding is not clearly erroneous, and agrees that plaintiff has failed to create any inference of misconduct in the grand jury proceedings.[2] It is apparent from his well reasoned Orders that the Magistrate Judge identified and applied the appropriate case law and standards in reaching his conclusions. See, e.g., Wilson, 2007 U.S. Dist. LEXIS, at *6–7 (holding that where plaintiff failed to demonstrate particularized need, magistrate judge's order denying discovery of grand jury instructions was neither clearly erroneous nor contrary to law). Because this holds that the August 5 Order was correctly decided, it follows that the October 3 Order denying reconsideration of the August 5 Order was also proper.

## CONCLUSION

For the foregoing reasons, neither the August 5 Order nor the October 3 Order is clearly erroneous or contrary to law. As such, plaintiffs' objections are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 26, 2009

ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] This Court is cognizant of plaintiff's argument that the need for secrecy here is less than in many similar cases because there is no ongoing criminal investigation or prosecution, because the witnesses whose grand jury testimony is sought also testified in this action, and because the witnesses are either the complainant in the underlying action or are public servants who appear regularly before grand juries and in court. See Pl.'s Objs. at 18–19; see, e.g., Palmer, 2004 U.S. Dist. LEXIS 21788, at * 13–15 (recognizing a reduced interest in secrecy in similar circumstances). Even given a potentially less significant interest in the confidentiality of the grand jury minutes than might otherwise apply, plaintiff has so failed to demonstrate a need for the minutes that he cannot demonstrate that such need outweighs the still extant interest in secrecy.